IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

RANDI WALDSTEIN                    CASE NO.:
    Plaintiff,                   CIVIL DIVISION

vs.

VIRGIN CRUISES INTERMEDIATE LIMITED
    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, RANDI WALDSTEIN, by and through her undersigned counsel, hereby file suit against the Defendant, VIRGIN CRUISES INTERMEDIATE LIMITED, and further states as follows:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for damages arising under admiralty and maritime jurisdiction as a result of personal injuries incurred upon the Defendant's vessel while at sea. This cause is brought in the District Court of the Southern District of Florida pursuant to 28 U.S.C. § 1332, and the forum selection clause set forth in the Passenger's cruise ticket with the Defendant. There is additional basis for jurisdiction based upon a federal question pursuant to 46 U.S.C. 740.

2. At all times material hereto, the Plaintiff, RANDI WALDSTEIN (hereinafter referred to as the Plaintiff, Ms. Waldstein or by her full name where appropriate), has been a resident of the State of Florida.

3. At all times material hereto, the Defendant, VIRGIN CRUISES INTERMEDIATE LIMITED (hereinafter referred to as the Defendant or VIRGIN CRUISES) was, and is, a for-profit foreign corporation which is based in and/or has agents in Miami, Florida. The Defendant is

authorized to conduct business in the State of Florida and has actively done so. The Defendant maintains is principle place of business in Broward County, Florida.

4. Therefore, jurisdiction and venue are appropriate in the United States District Court for the Southern District of Florida in Miami, Florida.

## GENERAL ALLEGATIONS

The Plaintiff hereby re-pleads and incorporates paragraph 1-4 above as though full set forth herein, and further state as follows:

5. At all times material hereto, the Defendant was a for-profit company which owned and operated cruise ships with the express purpose of transporting fare-paying passengers on its various vessels.

6. On July 16, 2022, the Defendant was the owner and operator of a cruise ship known as the Scarlett Lady which had departed from Florida in order to embark on a pleasure cruise for numerous fare-paying passengers.

7. On July 16, 2022, the Plaintiff was a fare-paying passenger aboard the Independence of the Seas for purposes of enjoying a vacation cruise.

8. At all times material hereto, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances with regard to the circumstances aboard its vessel including, but not limited to a duty to reasonably: (a.) maintain the premises of the Scarlett Lady in a reasonably safe condition; (b.) inspect the premises of the Scarlett Lady to discover, warn passengers and correct any defects; and, (c.) operate the vessel in a reasonably safe manner. Likewise, the crew of the Scarlett Lady had an obligation to perform their jobs, and otherwise act, in a reasonably careful manner for the protection of guests and others.

## COUNT I - NEGLIGENCE

The Plaintiff hereby re-pleads and incorporates paragraph 1-8 above as though full set forth herein, and further states as follows:

9. On or about July 16, 2022, the Plaintiff, RANDI WALDSTEIN, was aboard the Scarlett Lady cruise ship, which is owned and operated by the Defendant, in order to participate in a vacation cruise for which she was a fare-paying customer.

10. At that time and place, a member of the crew performed his job maintaining the ship deck in an unreasonable, careless and negligent manner thereby creating a dangerous situation in which the Plaintiff's shoes were damaged and she was forced to proceed across the deck barefoot. As she did so, the combination of the extremely hot surface of the ship's deck and water that was allowed to sit on the surface resulted in a dangerous condition.

11. As Ms. Waldstein traveled across the hot ship deck without her shoes, which had been rendered unusable by a crew member, she slipped and fell on a slippery substance and sustained serious injuries.

12. The Defendant created the hazard and its actions, through a crew member, put in motion the chain of events that led to the reasonably foreseeable conclusion in which the Plaintiff was injured in this manner. Additionally, the Defendant knew or should have known of the dangerous conditions alleged above and failed to take reasonable steps to correct the hazards or warn the Plaintiff of the existence of the dangerous defects.

13. As the owner and operator of the Independence of the Seas cruise ship, the Defendant had the duty to:

    a. Maintain the premises in a reasonably safe condition;

    b. Take reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury or damages;

   c. Correct dangerous conditions; and

   d. Warn of the dangerous conditions.

14. The Defendant breached the aforementioned duties of care owed to the Plaintiff, including, but not limited to, the following:

   a. Failing to exercise reasonable care in the maintenance, inspection, repair, warning, and/or mode of operation of the business premises;

   b. Failing to maintain the floor in a reasonably safe condition;

   c. Failing to remove the substance from the floor until after the Plaintiff was injured;

   d. Failing to place warning signs on or near the floor where the substance was located;

   e. Failing to warn the Plaintiff that the floor was dangerous;

   f. Failing to prohibit customer use of the subject area;

   g. Failing to properly inspect the subject area;

   h. Failing to keep the area free from liquid and other hazards;

   i. Failing to employ available technology to keep the ship deck from becoming unreasonably hot and/or unreasonably slippery.

   j. Failing to place the pool chairs and lounges in a manner that would minimize or mitigate any dangers from passengers falling in the area.

   k. Failing to train its crew to avoid the creation of dangerous conditions by carelessly spreading water on the pool deck where guests have stored their shoes.

   l. Mopping the deck in such a manner that the Plaintiff's shoes were rendered unsafe and/or unusable such that she had to walk across the deck barefoot.

15. Defendant knew of the negligent condition or it existed long enough so the Defendant should have discovered it in the exercise of due care. Alternatively, Defendant created the negligent condition.

16. The negligent condition created a foreseeable zone of risk posing a threat of harm to the Plaintiff.

17. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation or activation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability.

18. The Plaintiff has complied with all conditions precedent to the filing of this suit or, in the alternative, said conditions precedent do not apply to this Plaintiff or have been waived by the Defendant.

WHEREFORE, the Plaintiff, RANDI WALDSTEIN, demands judgment against Defendant, VIRGIN CRUISES INTERMEDIATE LIMITED, for damages in an amount determined by the trier-of-fact as well for costs, pre-judgment and post-judgment interest and hereby demands a trial by jury of all issues so triable as a matter of right and/or by consent of the parties.

### Demand for Jury Trial

The Plaintiff hereby demands a trial by jury of all issues so triable as a matter of right.

Dated this 21st day of March, 2023.

LESSER, LESSER, LANDY & SMITH, PLLC
Attorneys for Plaintiff
420 Columbia Drive, Suite 110
West Palm Beach, FL  33409
Telephone:  (561) 655-2028

       Facsimile:  (561) 655-2033

       <u>/s/Joshua Ferraro</u>
       Joshua Ferraro, Esquire
       FL Bar No.:  0797391
       E-Mail:  jferraro@lesserlawfirm.com
                 ijardines@lesserlawfirm.com